**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Nicholas J. Pellegrino (248292018)
494 Broad Street
Newark, New Jersey 07102
Phone: (973) 533-0777
Fax: (973) 533-1112
RParikh@genovaburns.com
NPellegrino@genovaburns.com

**ROBINSON IP LAW, PLLC**
Matthew M. Googe
9724 Kingston Pike, Suite 1403
Knoxville, TN 37922
Phone: (865) 978-6493
Fax: (865) 978-6493
MGooge@RobinsonIPLaw.com

*Attorneys for Defendant*
*Adagio Teas, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STOCKFOOD AMERICA, INC., | Case No. 2:20-cv-00831-KM-MAH |
| Plaintiffs, | |
| v. | |
| ADAGIO TEAS, INC., | |
| Defendants. | |

**DEFENDANT ADAGIO TEAS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Adagio Teas, Inc. ("Adagio"), by and through its attorneys, respectfully submits

its Answer to the specifically numbered paragraphs of the Complaint filed against it by StockFood

America Inc. ("Plaintiff") in this case as follows:

## SUBSTANCE OF THE ACTION

1.      Adagio admits that the Complaint purport to allege claims for willful copyright infringement under 17 U.S.C. §§ 106 and 501. Adagio denies the remaining allegations of this paragraph and specifically denies that any alleged infringement was willful.

2.      Adagio admits that the Complaint purports to seek compensatory and statutory damages to be established at trial. Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

## PARTIES

3.      Adagio lacks sufficient information and knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

4.      Adagio admits that it is a corporation organized under the laws of the State of New Jersey, with a principal place of business at 170 Kipp Avenue, Elmwood Park, New Jersey 07407. Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

## JURISDICTION AND VENUE

5.      Adagio admits that the Complaint purports to be an action seeking damages and injunctive relief for copyright infringement under copyright laws of the United States. Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

6.      Adagio denies that it has infringed any of Plaintiff's alleged rights in the works identified in the Complaint. Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

7.      The allegations of this paragraph include conclusions of law to which no response is required. To the extent a response is required, Adagio lacks sufficient information and knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**A.  PLAINTIFF'S BUSINESS**

8.      Adagio lacks sufficient information and knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

9.      Exhibit A referred to in this paragraph includes a photograph alleged to represent the "Copyrighted Work" of the Complaint that speaks for itself. Adagio denies that it has infringed any rights of Plaintiff in or to the "Copyrighted Work". Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

10.     Adagio lacks sufficient information and knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

11.     Exhibit B referred to in Paragraph 11 is a document that Plaintiff purports to be a copy of a certificate of registration from the U.S. Copyright Office and speaks for itself. Adagio denies that it has infringed any rights of Plaintiff allegedly conferred upon it by the certificate of registration of Exhibit B. Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

**B.  DEFENDANT'S ACTIVITIES**

12.     Adagio admits that Plaintiff and Adagio are currently parties before this Court in another action for copyright infringement brought by Plaintiff. Adagio denies that it has infringed any rights of Plaintiff in or to the "Copyrighted Work" or any other work Plaintiff purports to have

rights in. Adagio specifically denies that it is using the court system to ensure that the costs to Plaintiff in enforcing its copyrights is prohibitively expensive such that Defendant's alleged infringement can go unpunished. Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

13.     Adagio denies that it has infringed any of Plaintiff's alleged rights in the works identified in the Complaint. Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

14.     Adagio denies that it is directly responsible for the alleged reproduction, distribution, and public display of the alleged Copyrighted Work. Adagio denies that any action by Adagio with respect to the alleged Copyrighted Work is unlawful. Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

15.     Adagio lacks sufficient information and knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

16.     The statements in Paragraph 16 are legal conclusions to which no response is required.  To the extent Paragraph 16 contains allegations of fact, they are denied.

### CLAIM FOR RELIEF - DIRECT COPYRIGHT INFRINGEMENT

17.     Adagio realleges its responses to the Complaint above and incorporates them by reference as if re-stated herein.

18.     The statements in Paragraph 18 are legal conclusions to which no response is required.  To the extent Paragraph 18 contains allegations of fact, Adagio lacks sufficient information and knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

4

19.     Adagio lacks sufficient information and knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

20.     Adagio denies that it has infringed any of Plaintiff's alleged rights in the works identified in the Complaint.  Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

21.     Adagio denies that it has infringed any of Plaintiff's alleged rights in the works identified in the Complaint. Adagio lacks sufficient information and knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

22.     Adagio denies the allegations of this paragraph of the Complaint.

23.     Adagio denies the allegations of this paragraph of the Complaint.

24.     Adagio denies the allegations of this paragraph of the Complaint.

25.     Adagio denies the allegations of this paragraph of the Complaint.

26.     Adagio denies the allegations of this paragraph of the Complaint.

27.     Adagio denies the allegations of this paragraph of the Complaint.

28.     Adagio denies the allegations of this paragraph of the Complaint.

WHEREFORE, Adagio prays that this Court find judgment for Defendant, and deny Plaintiff's request for damages or any other relief sought by Plaintiff.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim for which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing.

3.     Plaintiff is barred from maintaining its claims on obtaining the relief sought in this case under the doctrine of unclean hands.

4.      Plaintiff's claims are barred, in whole or in part, by laches.

5.      Plaintiff's claims are barred, in whole or in part, by acquiescence.

6.      Plaintiff's claims are barred, in whole or in part, by waiver.

7.      Plaintiff failed to mitigate its damages.

8.      Plaintiff's claims are barred, in whole or in part, by Adagio's fair use of the works identified in the Complaint.

9.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff does not own validly registered copyrights in the works identified in the Complaint.

10.      Plaintiff's claims are barred, in whole or in part, as Plaintiff's copyrights are invalid and/or unenforceable.

11.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has abandoned or forfeited its copyrights.

12.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

13.      Plaintiff's claims are barred, in whole or in part, by the Digital Millennium Copyright Act, 17 U.S.C. § 512.

14.      Plaintiff's claims are barred, in whole or in part, by the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq., and the statutory immunities granted therein.

15.      Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse of copyright.

16.      Plaintiff's claims are barred, in whole or in part, because Adagio's conduct was innocent, in good faith, and with non-willful intent, at all times.

17.   This Court does not have personal jurisdiction over Defendant to enter a judgment against Defendant.

18.   This Court lacks venue in this case.

19.   Adagio reserves the right to assert additional affirmative defenses based upon further information and discovery.

**WHEREFORE**, Defendant Adagio Teas, Inc. demands judgment dismissing the complaint, with prejudice, and awarding such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**GENOVA BURNS LLC**

*Attorneys for Defendant*
*Adagio Teas, Inc.*

By:＿＿＿s/ Nicholas J. Pellegrino＿＿＿＿＿＿
        Nicholas J. Pellegrino

**ROBINSON IP LAW, PLLC**

By: ＿＿＿s/ Matthew M. Googe＿＿＿＿＿
        Matthew M. Googe

Dated: April 2, 2020

## **RULE 11.2 CERTIFICATION**

Defendant Adagio Teas, Inc., through its counsel, hereby certifies that, to the best of its knowledge and belief that: (i) the matter in controversy is not the subject of another proceeding; and (ii) no party should be joined in the within action.

DATED: April 2, 2020

<u>        s/ Nicholas J. Pellegrino            </u>
Nicholas J. Pellegrino

15227398v1 (24321.001)

9